FILED

JOSE H. HERRA
13200 WENTWORTH ST
ARLETA CA 91331
TELEPHONE (818) 660-7256

2015 JAN 30  AM 11: 15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

Jose H. Herra Plaintiff in Pro-Per

BY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT CALIFORNIA**

CV15-699 MMM  PJWf

| | |
|---|---|
| IN RE | Case No:_____ |
| JOSE H. HERRA, | **VERIFIED COMPLAINT FOR DAMAGES FOR:** |
| Plaintiff(s), | |
| vs. | **1.** Violations of 15 U.S.C. 1601, Federal Truth in Lending Act. |
| OCWEN LOAN SERVICING, LLC, Western Progressive, LLC and DOES 1-10 INCLUSIVE | **2.** Violations of 15 U.S.C. 1692 § 808 (6)(a) Federal Fair Debt Collection Practices Act; |
| | **3.** Violations of 12 U.S.C. 2601 et seq. Real Estate Settlement Procedures Act. |
| Defendants. | **4.** To Set Aside and Vacate Trustees Sale Under Cal. Civil Code § 3412 |
| | **5.** Unjust Enrichment; |
| | **6.** Promissory Estoppel; |
| | **7.** Action for an Accounting; |
| | **8.** Breach of Implied Warranties |
| | **9.** Injunctive Relief, Disgorgement Under California Private Attorney Generals Statute, Cal. Business & Prof. Code §17200; |
| | **10.** Consumer Fraud; |
| | **11.** Common Law Fraud; |
| | **12.** Negligence; |
| | **13.** Declaratory Relief |
| | **14.** Application for TRO pending OSC for Preliminary Injunction |
| | **Jury Trial Demanded** |

Plaintiff, JOSE H. HERRA, brings this action against Mortgage Lenders, OCWEN LOAN SERVICING, LLC, and DOES 1 through10, INCLUSIVE, to secure redress from predatory lending practices and unfair debt collection practices.

Plaintiff seeks to rescind a residential mortgage loan for violation of the Truth in Lending Act, codified at 15 U.S.C. § 1601 et seq., (TILA), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and for cancellation of a Deed of Trust after Sale.

PAID

JAN 3 0 2015

Clerk US District Court
COURT 4612

Additionally, Plaintiff seeks redress under 15 U.S.C. 1692, et seq. for unlawful and unfair debt collection practices and for violations of the Real Estate Settlement Procedures Act 12 U.S.C. 2601. Moreover, Plaintiff seeks injunctive relief and disgorgement under Cal. Bus. & Professions Code § 17200 et seq. and implementing the California Private Attorney General Statute.

## JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question), 15 U.S.C. § 1601 (TILA), 15 U.S.C. 1692, Fair Debt Collection Practices Act, 12 U.S.C. 2601, Real Estate Settlement Procedures Act, (RESPA), and, 28 U.S.C. § 1367 (supplemental jurisdiction). Jurisdiction is additionally inferred under California Business & Professions Code § 17200 et seq. Venue in this District is proper whereas Defendants, and each of them, transact business within the jurisdiction of this Court.

## PARTIES

1.      Plaintiff, JOSE H. HERRA, is an individual, and is and at all times herein mentioned was a resident of the County of Los Angeles State of California within the jurisdictional boundaries of this Court. Plaintiff is the owner of real property commonly known as and located at 13200 Wentworth St, Arleta CA 91331, (hereinafter the "Subject Property"), identified in exhibit "1" which is situated within the jurisdictional boundaries of this Court.

2.      Defendant, Western Progressive, LLC (hereinafter WP), at all times herein mentioned was doing business in the County of Los Angeles, State of California and on information and belief was hired by Defendant , Ocwen loan servicing llc (hereinafter Owen), to issue notices of default and other notices relating to the foreclosure of Plaintiffs' property

3.      Defendant, OCWEN LOAN SERVICING, LLC, (hereinafter referred to as "OCWEN"), at all times herein mentioned was doing business in the County of Los Angeles, State of California as a Mortgage lender, and this Defendant alleged to be the beneficiary under Plaintiffs note and ordered the foreclosure of Plaintiffs real property.

4.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, INCLUSIVE, and therefore sues these Defendants by such fictitious names. Plaintiff will amend its complaint to show the true names and capacities of such fictitious Defendants when they have been fully ascertained.

5.    Plaintiff is informed and believes, and upon such information and belief alleges that, at all times herein mentioned each of the Defendants sued herein in relation to the property they claim an interest in was the agent and employee of each of the remaining Defendants thereof and at all times was acting within the purpose and scope of such agency and employment.

6.    Plaintiff alleges that Defendant, Western Progressive, LLC, is initiating a Trustee Sale process attempting to foreclose on Plaintiffs real property commonly known as, and located at, 13200 Wentworth St, Arleta CA 91331, on or about April 10, 2014 they filed a notice of default and election to sell under Deed of trust identified in Exhibit "2."

7.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, INCLUSIVE, and therefore sues these Defendants by such fictitious names. Plaintiff will amend its complaint to show the true names and capacities of such fictitious Defendants when they have been fully ascertained.

8.    Plaintiff is informed and believes, and upon such information and belief alleges that, at all times herein mentioned each of the Defendants sued herein in relation to the property they claim an interest in was the agent, or employee of and in concert with the remaining Defendant(s).

## INTRODUCTION

9.    Mortgage Fraud is defined as the intentional misstatement, misrepresentation, or omission by an applicant or other interested parties, relied on by a lender or underwriter to provide funding for loan, or to insure a mortgage loan. Combating mortgage fraud effectively requires the cooperation of law enforcement and industry entities.

10.   No single regulatory agency is charged with monitoring this crime. The FBI, Department of Housing and Urban Development-Office of Inspector General (HUD-OIG), Internal Revenue Service, Postal Inspection Service, and state and local agencies are among those investigating mortgage fraud. "The potential impact of mortgage fraud on financial institutions and the stock market is clear. If fraudulent practices become systemic within the mortgage industry and mortgage fraud is allowed to become unrestrained, it will ultimately place financial institutions at risk and have adverse effects on the stock market." Chris Swecker, former FBI Assistant Director, Criminal Investigative Division, Introductory Statement: House

Financial Services Subcommittee on Housing and Community Opportunity, 7 October 2004. Application of Unique Law to this Case is warranted.

11. Cal Bus Prof Code 17200, is perhaps the only mechanism that can both force the disgorgement and enjoin further conduct which loots California residents of hundreds of millions of dollars annually by OCWEN alone. Accordingly, Plaintiff, absent being forced to devote his resources to investigating the fraud perpetrated at the inception of the financing triggered by the second stage fraud. This second stage fraud occurred when OCWEN instructed Plaintiff to make payments for a house in default in loan not committed by plaintiff.

12. Mortgage fraud is a relatively low-risk, high-yield criminal activity which is accessible to many, however Plaintiff asserts that OCWEN took it to a new level rendering fraud the key to generating fees and placing homeowners like Plaintiff on a track to foreclosure from day one.

13. With full cognizance that "class actions" are all but barred by the generally flocked to Respa statutes, as these statutes, due to their limitation, have short statute of limitations. Nevertheless, through their continuing fraud and failure to reverse these charges, and continuing to amortize these illegal costs into each loan payment, OCWEN told the statute of limitations.

## STATEMENT OF FACTS

14. Plaintiff realleges and incorporates by reference all of the paragraphs as fully set forth above.

15. I purchased the house in 1980, I paid cash the amount of $300,000. I purchased from James Figueroa and Mapalda Figueroa. I acquired the subject property with my ex-wife Gertrudis Balido Herra.

16. I never made a Loan with Ocwen Servicing, LLC, I received several phone calls from Wells Fargo who they claim were the original owner of the Loan. The account under my name was purchased by the defendant Ocwen.

17. After they tried to collect from me, one of the agents offer me a Loan Modification. I request a loan modification because I thought that will wipe out the loan error issue. I submitted the Loan modification they send my paperwork back over and over.

18.     Several times I request a copy of the loan documents to Wells Fargo and Ocwen to verify my signature for the loan. All the times the customer service told me that they will requested and that I will receive via mail. Every time I wait over two weeks, I call again and every time when I call they told me that they place the request and I never received any document to verify and guarantee any loan with Ocwen.

19.     I do not remember that I sign over the interest in the property to any lender. Now Ocwen is accusing me that I did not make the loan payments or worse, they never send me any paperwork for modification or verification of my loan now they are trying to foreclose my property.

20.     Additionally, although repeated request have been made to Defendant OCWEN to provide Plaintiff with statements regarding his loan, they have failed and refused and continue to fail and refuse to provide such statements.

21.     Additionally, Plaintiff found numerous news articles which disclosed a number of government agencies who are currently investigating employees and officers of OCWEN to ascertain the full extent of their unlawful lending practices.

22.     On or about July 01, 2009, the State of California enacted SB 1137 which extended the period of time between recordation of the "Notice of Default", and, "Notice of Trustees Sale" from 30 days to 90 days as to allow homeowners time to secure funds to cure the default.

23.     Plaintiff is informed and believes, and upon such information and belief alleges that Defendants loan documents and the   "Loan Modification" program is a nothing more than a ruse designed to circumvent California State Bill 1137', and to lead Plaintiff, and other similarly situated borrowers to early default and foreclosure.

24.     Plaintiff asserts that Defendant, OCWEN, has no legal right to initiate foreclosure under the security instrument identified in the Notice of Default, Trustee Sale Number 2014-00247 label as Exhibit "1." Ocwen nor does it have the right to direct Defendant WP, to foreclose and sell the Subject real property.

25.     As a result thereof, Plaintiff has been damaged in the costs associated with bringing this action to enjoin Defendants and each of them from unlawfully depriving Plaintiff from ownership of the subject property.

26.     Plaintiff asserts that Defendants, and each of them, misrepresented the facts intending to mislead Plaintiff so that Defendants and each of them, could steal the Subject Property thereby benefitting from the sizable amount of equity the property contains.

27.     Plaintiff is informed and believes, and upon such information and belief alleges that Defendants, OCWEN, and, Western Progressive, LLC , have engaged in deceptive practices with respect to Plaintiff in violation of the Home Ownership and Equity Protection Act, ("HOEPA"), 15 U.S.C. § 1637, the Truth in Lending Act, ("TILA"), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and the Federal Trade Commission Act, ("FTC Act") 15 U.S.C. §§ 41-58.

28.     In addition to the foregoing, Plaintiff discovered multiple violations of the Truth In Lending Act (TILA), and the Real Estate Settlement Procedures Act, (RESPA), which include but are not limited to:

a.     Undisclosed Settlement Charges;

b.     Unjust Enrichment;

c.     Miscalculated Annual Percentage Rate;

e.     Inflated Notary Charges;

f.     Conflicts between Disclosures and Official Documents;

g.     Estimated Settlement Statement Not Properly Completed;

h.     Inflated Appraisal;

g.     Failure to Apply Application Fee;

h.     Various Miscalculations;

i.     Failure to provide Consumer Handbook on Adjustable Rate Mortgages ("CHARM") Booklet;

j.     No Good Faith Estimate;

k.     Failure to comply with underwriting standards

**FIRST CLAIM FOR RELIEF**

Violations of 15 U.S.C. 1601, Truth in Lending Act

29.     Plaintiff realleges and incorporates Paragraph 1-28, as fully set forth above. This claim is against Defendants, OCWEN, and, Western Progressive, LLC.

30.     Because the transaction was secured by Plaintiffs home, and was not entered into for the purposes of the initial acquisition or construction of that home, it is subject to the right to cancel provided by TILA, 15 U.S.C. § 1601, and implementing Federal Reserve Board Regulation Z, 12 C.F.R § 226.23, which provides:

A. Consumers right to rescind

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumers principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction.

(2)     To exercise the right to rescind, the consumer shall notify the creditor of the

(4)     The effects of rescission

(5)     The date the rescission period expires;

B. Exempt transactions.

The right to rescind does not apply to the following:

(1)     A residential mortgage transaction [defined in U.S.C. 15 §1602(w) as one where a "security interest is created or retained against the consumers dwelling to finance the acquisition or initial construction of such dwelling].

(2)     A credit plan in which a state agency is a creditor.

31. Because Defendant OCWEN failed to comply with Section 226.23, Plaintiffs has a continuing right to rescind.

32. Plaintiffs has given notice of his election to rescind.

ADDITIONAL RELIEF: In any transaction in which it is determined that the creditor has violated this section, in addition to rescission, the Court may award relief under section 1640 of this title for violations of this sub-chapter not relating to the right to rescind.

33.     WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and against OCWEN LOAN SERVICING LLC and OCWEN Bank for:

a.     Rescission of the 2006 OCWEN LOAN SERVICING LLC, mortgage loan;

b.     Statutory damages for the disclosure violations;

c.     Attorney's fees, litigation expenses and costs.

d.     Such other relief as the Court may deem just and proper

34.      .rescission by mail, telegram, or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditors' designated place of business.

35.      The consumer my exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of al material disclosures. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. § 1635(f)].

## SECOND CLAIM FOR RELIEF

(Unfair Debt Collection Practices)

36.      Plaintiff realleges and incorporates Paragraph 1-35, as fully set forth above. This claim is against Defendants, and, OCWEN, and, WP.

37. Plaintiff is informed and believes, and upon such information and belief alleges that the Defendants, and each of them, in taking the actions aforementioned, have violated provisions of the Federal Fair Debt Collections Act, 15 U.S.C. Title 41, Subchapter V, §§ 1692 et seq., and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.§§ 2601-2617.

(a)      When more than one consumer in a transaction has the right to rescind the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1)      The retention or acquisition of a security interest in the consumers' principal dwelling.

(2)      The consumer's right to rescind the transaction;

(3)      How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business;

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## THIRD CLAIM FOR RELIEF

(Violations of 12 U.S.C. 2601 et seq. Real Estate Settlement Procedures Act.)

38.    Plaintiff's incorporates in 1-37, as fully set forth above. This claim is against Defendants, OCWEN, OCWEN and WP.

39.    By engaging in the practices set forth above, Defendant OCWEN gave to, and/or accepted a fee, kickback, or thing of value pursuant to an agreement or understanding that business incident to or a part of a real estate settlement service involving federally related mortgage loans would be referred to a person in violation of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2607(a).

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## FOURTH CLAIM FOR RELIEF

(Set Aside and Vacate Trustee's Sale Cancellation of Deed of Trust California Civil Code § 3412)

40.    Plaintiff's incorporates Paragraph 1-39, as fully set forth above. This claim is against Defendants, OCWEN, and, WP

41.    Plaintiff is informed and believes, and upon such information and belief alleges that Defendants, OCWEN, and, WP are conducting their trustee's sale in violation of California Civil Code § 2924. et seq. which if allowed, wrongfully deprived Plaintiff of title to the Subject Property and of its beneficial use and enjoyment.

42.    Defendant, OCWEN claims and interest in the Subject Property based upon the Trustee's Deed upon Sale.

43.    The claim of Defendant, to the Subject Property is without any right or merit. Although the Trustee's Deed upon Sale appears valid on its face, it is invalid and of no force and effect, for the reasons set forth herein above. If the Notice of Trustee's Sale is not canceled, serious irreparable injury will continue to result to Plaintiff

WHEREFORE, Plaintiff prays judgment against Defendants and each of them as hereinafter set forth

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

44.     Plaintiff's incorporates Paragraph 1-43, as fully set forth above. This claim is against Defendants, OCWEN, and, WP.

45.     As a direct and proximate result of the conduct described above, specifically marketing sub-prime loans via inflated property appraisal(s), charging Plaintiff and countless other borrowers inflated notary and various other non-disclosed fees, and through the unlawful foreclosure of Plaintiffs property, as well as the hundreds of thousands of similarly situated homeowners, Defendants and each of them have unjustly enriched themselves in an amount to be proven at the time of trial.

WHEREFORE, Plaintiff prays judgment against Defendants and each of them as hereinafter set forth.

## SIXTH CLAIM FOR RELIEF

### (Promissory Estoppel)

46.     Plaintiff's incorporates Paragraph 1-45, as fully set forth above. This claim is against Defendant, OCWEN.

47.     In doing so, Defendant knew, or should have known that Plaintiff would be reasonably induced to rely on Defendants promise, assurance and representation to modify his loan by collecting a balance for a loan not received by plaintiff

48.     Injustice can be avoided by enforcing Defendants' promise, assurance and representation completely.

WHEREFORE, Plaintiff prays judgment against Defendants and each of them as hereinafter set forth.

## SEVENTH CLAIM FOR RELIEF

### (Demand for Accounting)

49.     Plaintiff's incorporates, Paragraph 1-48 as fully set forth above. This claim is against Defendants, OCWEN, and, PW.

50.     Plaintiff asserts that as a result of the aforementioned conduct of Defendants, and each of them, these Defendants have received proceeds from the unlawful sale

of the Subject Property, a portion of which is due to Plaintiff from Defendants, as previously alleged.

51.    The amount of money due from Defendants, and each of them, to Plaintiff is unknown to Plaintiff at this time and cannot be ascertained without an accounting of the proceeds after the sale of the Subject property. Plaintiff is informed and believes and thereon alleges that the amount due to Plaintiff exceeds the minimum jurisdiction of this Court.

52.    Further, Plaintiff has demanded his statements and an accounting of the amortization schedule and calculated interest for the aforementioned  modification from Defendant, OCWEN , but Defendant has failed and refused, and continues to fail and refuse, to render such an accounting.

WHEREFORE, Plaintiff prays judgment against Defendants and each of them as hereinafter set forth.

## EIGHTH CLAIM FOR RELIEF

(Breach of Implied Warranties, Violation of the Consumers Legal

Remedies Act, Cal. Civ. Code §§ 1750 et seq.)

53.    Plaintiffs incorporates Paragraph 1-52, as fully set forth above. This claim is against Defendants, OCWEN, and, PW.

54.    This cause of action is brought on behalf of Plaintiff and on behalf of each of the similarly situated homeowners throughout the state of California pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq. (the "CLRA").

55. The CLRA applies to Defendants' actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in services provided to consumers.

56. Plaintiff, and similarly situated homeowners  with OCWEN  loans and other services from Defendants, and each of them, for personal, family, and household use and are thus, "consumers" within the meaning of Cal. Civ. Code § 1761(a).

57. In doing the acts alleged above, Defendants, and each of them, have violated the CLRA, which, among other things provides:

a)      the following unfair methods of competition and unfair or deceptive acts or

Practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:

    i)    Representing that the services have characteristics or benefits which they do not have;

    ii)    Advertising services with the intent not to provide them as advertised.

    58. In doing the acts alleged above, Defendants have carried out a scheme designed to deliberately cheat large numbers of consumers out of their homes, and individually through small to moderate sums of money.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## NINTH CLAIM FOR RELIEF

### (Disgorgement, under Cal. Bus. Prof. Code § 17200 et seq.)

    59. Plaintiffs incorporates Paragraph 1-58, as fully set forth above. This claim is against Defendants, OCWEN, and, PW.

    60. Plaintiff is informed and believes, and upon such information and belief alleges that Defendants, OCWEN, and, PW have a pattern and practice of defrauding borrowers through the personal misuse of their real property assets.

    61. Defendants, OCWEN, and, PW have absconded with ill-gotten gains, defrauding not only Plaintiff but similarly situated homeowners, by perfecting foreclosure on residential properties without any legal authority whatsoever to do so. As a proximate result of the acts of Defendants, Plaintiff as well as hundreds of thousands of other California homeowners are either facing foreclosure or have already lost their homes.

    62.    Plaintiff has suffered injury in fact as a direct and proximate result of the acts of Defendants and each of them.

    63.    Defendants practices as alleged herein are unfair, unlawful, immoral, unethical, and in violation of the law.

    64.    Plaintiff prays for the full disgorgement of monies and profits and the value of converted assets according to proof, which exceeds the minimum jurisdiction of this Court, against Defendants, OCWEN, and, PW.

65.     Plaintiff further prays for an injunctive order enjoining and restraining Defendants, and each of them from engaging in or performing any act to deprive Plaintiff of ownership or possession of their real property, including but not limited to, prosecuting or maintaining foreclosure or sale proceedings on Plaintiffs real property, from recording any deeds or mortgages regarding the property, or from otherwise taking any steps whatsoever to deprive Plaintiff of ownership in the Subject property.

### TENTH CLAIM FOR RELIEF

#### (Fraud -Violation of Unfair Practices Act)

66.     Plaintiff's incorporates paragraph 1-65, as fully set forth above. This claim is against Defendants, OCWEN

67.     Defendants OCWEN  engaged in unfair and deceptive acts in violation of the California Unfair Practices Act, California Business & Professions Code § 1700 et seq. as it is an unfair practice to advertise, misrepresent to consumers and encourage loan modifications which are designed to lead borrowers to certain foreclosure.

67.     California Business and Professions Code § 17200 states as follows;

As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

69.     Defendants engaged in such unfair and fraudulent acts and practiced in course of trade and commerce in financial services.

70.     Defendant intended that Plaintiff's rely on the undisclosed facts by entering into Defendants Loan not disclose to plaintiff.

71.     Plaintiff did so rely, and was damaged in the loss of his home.

72.     The conduct of Defendant was deliberately oppressive, corrupt and dishonest.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

### ELEVENTH CLAIM FOR RELIEF

#### (Fraud -Violation of Unfair Practices Act)

73.    Plaintiff's incorporates paragraph 1-72, as fully set forth above. This claim is against Defendants, OCWEN.

74.    Defendant OCWEN, engaged in unfair and deceptive act in violation of the California Unfair Practices Act, as it is an unfair practice to misrepresent to Plaintiff, and other similarly situated consumers, in detrimental reliance to enter a false loan, and to thereafter misrepresent to consumers including Plaintiff, when the true facts are that they were proceeding with foreclosure nonetheless.

75.    Plaintiff further alleges that the intentional concealment of facts, made by the Defendant, was done with the intent of inducing Plaintiff to not seek alternative financial and/or legal remedies, and to lead him into certain foreclosure.

76.    At the time the intentional misrepresentations and concealment of facts took place, and at the time Plaintiff took the actions herein described, Plaintiff was ignorant of Defendants', secret intention to foreclose on his property.

77.    Plaintiff could not, in the exercise of reasonable diligence, have discovered Defendants' secret intentions based upon the promises and representations made by Defendants'. If Plaintiff had known of the actual intentions of Defendant, Plaintiff would not have taken such action.

78.    At all times herein mentioned, and by engaging in the conduct described above, Defendants, and each of them, acted with oppression, fraud and malice, entitling Plaintiff to an award of exemplary and punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

### TWELFTH CLAIM FOR RELIEF

#### (Negligence, as to all Defendants)

79.    Plaintiffs incorporates paragraph 1-78, as fully set forth above. This claim is against Defendants, OCWEN and PW.

80.    Defendants, OCWEN owed a duty of care to Plaintiff as Mortgage lenders and holders of Plaintiffs note and Deed of Trust.

81.    Plaintiff alleges that, OCWEN and PW were negligent and breached their duty of care and these Defendants breach is the direct and proximate cause of Plaintiff damages.

82.     But for the negligence of Defendant OCWEN and PW Plaintiff has suffered and will continue to suffer damages, including but not limited to, mitigation expenses and fees and cost associated with bringing the instant action to protect his property from unlawful foreclosure.

83.     Additionally, these damages were foreseeable by OCWEN and PW as they represented to Plaintiff that they would not seek to foreclose and sell Plaintiffs property while he never received a loan.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## THIRTEENTH CLAIM FOR RELIEF

### (Declaratory Relief)

84.     Plaintiff s incorporates paragraph 1-83, as fully set forth above. This claim is against Defendants, OCWEN, and, PW.

85. An actual controversy has arisen and currently exists between Plaintiffs and Defendants, and each of them, concerning the respective rights, obligations and duties of each party herein, whereas, Plaintiffs contends that Defendants herein "blindsided" him by inducing him into their fraudulent loan modification scheme, specifically by instructing him to stop paying his mortgage in order to qualify for a modification and restructuring of his mortgage loan and then proceeding to foreclose on his home.

86.     Plaintiff desires a judicial determination of Defendants rights, obligations and duties, and a declaration as to whether Plaintiff qualifies for a loan modification under the Home Affordable Mortgage Program, (HAMP), or any and all other government programs currently available.

87.     A judicial determination is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights, obligations and duties.

88.     Plaintiff is under financial burden and emotional strain which he is suffering due to this unsettled state of affairs.

89.     If Defendants are allowed to deprive Plaintiff from ownership of his home when they are not entitled to do so, Plaintiff will be irreparably damaged in the loss of his property and investment in the same.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

### Application for Temporary Restraining Order and Osc re:
### Preliminary Injunction

90.    Plaintiff's incorporates paragraph 1-89 as fully set forth above.

91.    Plaintiff applies for a Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction enjoining Defendants and their agents, employees, representatives, successors partners, assigns and those acting in concert or in participation with them, their agents, employees, officers, representatives, successors, partners, assigns, and those acting in concert or participation with them, from spending, transferring, disbursing, encumbering, or otherwise dissipating any real or personal property without prior Court approval, including but not limited to any money or other consideration that Defendants have received from Plaintiff for any loan, refinance transaction or appraisals made with Defendants and each of them, and any money or other consideration Defendants have received from Plaintiff as a transaction not made by plaintiff

92. This application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction is made on the grounds that:

a. Defendants have violated, and continue to violate, the Truth in Lending Act, 15 U.S.C. § 1601;

b.    Defendants have violated, and continue to violate California Business & Professions Code

§ 17200, (prohibiting unfair business practices), and 17500, (prohibiting false or misleading statements).

c.    Defendants have violated, and continue to violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.

d.    Defendants have violated, and continue to violate the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.§§ 2601-2617.

e.    Defendants have violated, and continue to violate the Home Ownership and Equity Protection Act, ("HOEPA"), 15 U.S.C. § 1637;

f.      Defendants have violated, and continue to violate the Federal Trade Commission Act, ("FTC Act") 15 U.S.C. §§ 41-58

The relief that the Plaintiff is requesting is necessary to protect himself from being irreparably harmed by Defendants', and each of their misconduct.

WHEREFORE, Plaintiff's pray judgment against Defendants, and each of them as follows:

1.      For rescission of loan claimed by OCWEN loan;

2.      For general damages, according to proof at the time of trial for Defendants, and each of their, general negligence and misconduct;

3.      For the full disgorgement of monies and profits and the value of converted assets according to proof, which exceeds the minimum jurisdiction of this Court;

4.      For an injunctive order enjoining and restraining Defendants, and each of them from engaging in or performing any act to deprive Plaintiffs of ownership or possession of his real property, including but not limited to, recording any deeds or mortgages regarding the property, or from otherwise taking any steps whatsoever to deprive Plaintiff's or ownership in the property.

5.      For a judicial determination of the rights and duties of each party herein;

6.      For Court fees and cost associated with bringing this action, including but not limited to attorney's fees and cost, if necessary.

7.      For any and all further relief as the Court may deem just and proper.

Dated:   _1/22/2015_

JOSE H. HERRA
Plaintiff

## **VERIFICATION**

I, am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at _____, California this _____ day of January, 2015.

_____
Plaintiff

## **JURY TRIAL DEMAND**

1.  Plaintiff, JOSE H. HERRA, request a jury trial on all issues in this matter.

Dated: 1/22/2015

_____
Plaintiff

# Exhibit "1"

RECORDING REQUESTED BY

TRANSAMERICA TITLE INSURANCE CO.
Order No. 336004

**80- 887703**

RECORDED IN OFFICIAL RECORDS
OF LOS ANGELES COUNTY, CA

SEP 12 1980   AT 8 A.M.

Recorder's Office

AND WHEN RECORDED MAIL TO

Name   Mr. & Mrs. Jose Herra
Street   Mrs. Milagros B. Balido
Address   13200 Wentworth
City   Arleta, CA 91331
State
Zip

MAIL TAX STATEMENTS TO

Name   Same as above
Street
Address
City
State
Zip

SPACE ABOVE THIS LINE FOR RECORDER'S USE

DOCUMENTARY TRANSFER TAX $    101.20
☐ COMPUTED ON FULL VALUE OF PROPERTY CONVEYED,
☐ OR COMPUTED ON FULL VALUE LESS LIENS AND
ENCUMBRANCES REMAINING AT TIME OF SALE.

Transamerica Title
Signature of Declarant or Agent determining tax, Firm Name

FEE
$3
M

DTT 44

# GRANT DEED

(Escrow No. 336004____)

By this instrument dated............ August 11, 1980 ............................................for a valuable consideration,

JAMES FIGUEROA and MAFALDA FIGUEROA,
husband and wife

hereby GRANTS to JOSE HERRA and GERTRUDES BALIDO HERRA,
husband and wife; and MILAGROS B. BALIDO,
a widow, all as joint tenants

the following described Real Property in the State of California, County of____ Los Angeles ____

City of ____ Los Angeles ____

LOT 6 OF TRACT 30147, AS PER MAP RECORDED IN BOOK 861, PAGES 73 TO 77, INCLUSIVE
OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
EXCEPT therefrom all oil, gas and other hydrocarbon substances and other mineral
deposits upon or under said land, providing, however, that such reserved rights
shall not be exercised by means of any entry upon the surface of, in, under or
across the herein described property and the subsurface thereof to a depth of
500 feet measured in a vertical direction from the surface of said land, as
reserved in deed from Cyrus W. Manfull, dated December 19, 1975 and as reserved
in the deed from Cyrus W. Manfull, as Executor of the Will of Lucille M. Manfull,
deceased, dated January 26, 1975, recorded January 29, 1976 as Inst. 834 &832 respect.

GERTRUDES BALIDO HERRA wife of Jose Herra, and JOSE HERRA husband of
Gertrudes Balido Herra, consent to the creation of the joint tenancy
in the grantees above named in the property herein described.

Jose Herra          Gertrudes Balido Herra          Milagros B. Balido

JAMES FIGUEROA

MAFALDA FIGUEROA

STATE OF CALIFORNIA } SS.   On August 27, 19 80 before me, the undersigned, a Notary Public in and for said
COUNTY OF Los Angeles   County and State, personally appeared James Figueroa and
                                    Mafalda Figueroa                     known to me to be the
person s whose name s are                                    subscribed to the within instrument, and acknowledged to me that t he y executed the same.

Notary's Signature   Christine Williams

OFFICIAL SEAL
CHRISTINE WILLIAMS
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My comm. expires JAN 23, 1984

MAIL TAX STATEMENTS AS DIRECTED ABOVE

2627-25-30

Recd Jul 7-81    From Nk 3-69

END OF RECORDED DOCUMENT

*20*

# Exhibit "2"

21

**This page is part of your document - DO NOT DISCARD**



## 20140366362



**Pages:**
**0006**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**04/10/14 AT 10:45AM**

| | |
|---|---|
| FEES: | 37.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 37.00 |



**L E A D S H E E T**



**201404100210025**

**00009055069**

**006127938**

**SEQ:**
**01**

**ERDS - Daily**



**THIS FORM IS NOT TO BE DUPLICATED**

E480070                                                                                     E12

22

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Western Progressive, LLC

2002 Summit Blvd, Suite 600

Atlanta, GA 30319

---

Loan No.: 7141862560

TS No. 2014-00247-CA
APN No.:2627-025-030

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
## DEED OF TRUST

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACION DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE
**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you** may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **268,656.86** as of **04/04/2014, and** will increase until your account becomes current.  While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

23

Loan No.: 7141862560                              TS No. 2014-00247-CA

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded)  to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

**To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:**

**Ocwen Loan Servicing, LLC Wells Fargo Bank, National Association as Trustee for Soundview Home Loan Trust 2007-OPT1, Asset-Backed Certificates, Series 2007-OPT1 By Ocwen Loan Servicing, LLC, its attorney in-fact**
C/O Western Progressive, LLC

30 Corporate Park, Suite 450

Irvine, California 92606

Beneficiary Phone: 877-596-8580

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure. **Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

NOTICE IS HEREBY GIVEN: That Western Progressive, LLC is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated  01/25/2007, executed by, **JOSE R. HERRA, AN UNMARRIED MAN.**, as Trustor, to secure certain obligations in favor of  OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION., recorded 02/12/2007 , as Instrument No. 20070298256 , in Book —, Page — ,  of Official Records in the Office of the Recorder of  Los Angeles County, **California** describing land therein as: **As more particularly described on said Deed of Trust.**

Street Address or other common designation of real property:      **13200 WENTWORTH ST, ARLETA, CA 91331-5822**

24

Loan No.: 7141862560                                    TS No. 2014-00247-CA

The subject obligation includes **ONE NOTE(S) FOR THE ORIGINAL** sum of 412,000.00. A breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of the following:

**Installment of Principal and Interest plus impounds and/or advances which became due on 02/01/2009 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.**
**You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.**
**Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.**
**Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

"See Attached Declaration"

WE ARE ASSISTING THE BENEFICIARY TO COLLECT A DEBT AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THE PURPOSE BY EITHER OURSELVES OR THE BENEFICIARY, WHETHER RECEIVED ORALLY OR IN WRITING. YOU MAY DISPUTE THE DEBT OR A PORTION THEREOF WITHIN THIRTY (30) DAYS. THEREAFTER WE WILL OBTAIN AND FORWARD TO YOU WRITTEN VERIFICATION THEREOF. SHOULD YOU NOT DO
SO, THE DEBT WILL BE CONSIDERED VALID. IN ADDITION, YOU MAY REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT ONE.

**2. The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.**

25

Loan No.: 7141862560

TS No. 2014-00247-CA

Dated: April 5, 2014

Western Progressive, LLC, as agent for beneficiary
C/O 30 Corporate Park Suite 450
Irvine, CA 92606
Beneficiary Phone: 877-596-8580

_____
Tamika Y. Smith, Trustee Sale Assistant

26

## California Declaration of Compliance
### (Civ. Code § 2923.55(c))

Borrower(s):  Jose R Herra
Loan No.:     7141862560

The undersigned declares as follows:

I am employed by the undersigned mortgage servicer, and I have reviewed its business records for the borrower's loan, including the borrower's loan status and loan information, to substantiate the borrower's present loan default and the right to foreclose.  The information set forth herein is accurate, complete and supported by competent and reliable evidence that I have reviewed in the mortgage servicer's business records.  Those records reflect *one* of the following.

☐  The mortgage servicer contacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55.  Thirty days, or more, have passed since the initial contact was made.

☑  The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

☐  The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the individual does not meet the definition of a "borrower" under Civil Code §2920.5(c).

☐  The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the above-referenced loan is not secured by a first lien mortgage or deed of trust that secures a loan on "owner-occupied" residential real property as defined by California Civil Code § 2924.15(a)

Signed and Dated:

By: Ocwen Loan Servicing, LLC, as Servicer for Wells Fargo Bank, National Association as Trustee for Soundview Home Loan Trust 2007-OPT1, Asset-Backed Certificates, Series 2007-OPT1

| Matthew Owens     Contract Management Coordinator | | _____ | 4/6/14 |
| --- | --- | --- | --- |
| Print Name | | Signature | Date |

24110

27

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
JOSE H. HERRA

**DEFENDANTS**
OCWEN LOAN SERVICING, LLC, Western Progressive, LLC and DOES 1-10 INCLUSIVE

**(b)** County of Residence of First Listed Plaintiff   LOS ANGELES
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   LOS ANGELES
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
IN PRO-PER

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation<br>☒ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br><br>☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC, 1601 USC, 1692, 12USC 2601
Brief description of cause:
Unlawful Foreclosure

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE 1/28/2015
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**L(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.